VINCENT CEBULAK, d/b/a Prime Realty Co., Plaintiff-Appellant, *v.* ARTHUR CWERENZ, Defendant-Appellee.

First District (4th Division)   No. 76-248

Opinion filed January 27, 1977.—Rehearing denied March 18, 1977.

Moltz & Wexler, of Chicago, for appellant.

Manuel S. Hoffman, of Chicago, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the Circuit Court of Cook County upon entry of a directed verdict in favor of the defendant.

The issues presented for review are: (1) was there a contract or agreement between the parties concerning the sale of defendant's premises, and (2) was the trial court correct in entering a directed verdict in favor of the defendant at the close of plaintiff's case.

The facts of the case are, the plaintiff contacted the defendant by telephone a number of times concerning defendant's premises, which defendant was trying to sell without a real estate broker. Finally, upon representation of the plaintiff that he had a buyer, defendant permitted plaintiff to show the premises to the prospective buyer. A number of conversations concerning price followed, with the defendant lowering his

price until he said, "I want $48,000 net." Plaintiff then represented to the defendant that he had a contract to purchase for the defendant to sign. When defendant read the contract, which called for a price of $48,000, he realized he would be responsible for almost $3,000 in fees for the plaintiff. He returned the contract to the plaintiff the next day without signing it.

Subsequently, the defendant engaged another broker and gave this second broker an exclusive agency contract. This second broker sold the property at a net price of $47,000 to the defendant, the price agreed upon in the contract.

■■ The first issue is whether or not the plaintiff and defendant had a contract for the sale of the property. The parties both agree there were a number of discussions concerning the sale of the property. The plaintiff admits there was a difference between them as to the net price to the defendant. It is uncontested by plaintiff the defendant returned the contract unsigned and the plaintiff knew the net price to the defendant was almost $3,000 below what the defendant had indicated to plaintiff he would accept. There was no "meeting of the minds" to form a contract. It is clear from the record the purchaser contacted the second broker when the property was advertised. The second broker did not contact the purchaser. The case which the plaintiff relies upon (*Dickerson Realtors, Inc. v. Frewert* (1974), 16 Ill. App. 3d 1060), rests on an entirely different set of facts. In *Dickerson*, the seller used the broker to find a prospect and then negotiated the sale price so it was more advantageous to both the seller and the buyer to eliminate the broker and his commission. In the instant case the seller and the original broker were never able to agree on a sale price. The defendant then hired another broker who was able to sell the property at the net price of the seller.

■■ The second issue raised is whether the trial court was correct in directing a verdict in favor of the defendant. The standard for a directed verdict in Illinois was laid down by the Supreme Court in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, where the court said: "In our judgment verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." In this case it is clear from the record that no other verdict could ever stand based on this evidence and the trial court did not abuse its discretion in directing a verdict in favor of the defendant.

Accordingly, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

LINN and JOHNSON, JJ., concur.