HILTON REALTY, INC., Plaintiff-Appellant, *v.* JOHN A. CASERTA, M.D., *et al.*, Defendants-Appellees.

First District (4th Division)    No. 76-970

Opinion filed May 26, 1977.

James J. Seaberry, of Chicago, for appellant.

William J. Harte, Ltd., of Chicago, for appellees.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. In an action for real estate commission allegedly owed to the plaintiff, Hilton Realty, Inc., the trial judge rendered a judgment for the defendants on the pleadings.

The sole issue we need to consider on appeal is whether or not the trial judge was correct in deciding there was no material issue of fact and there was no liability on the part of the defendants.

The facts of the case, as stated in the pleadings, are the defendants entered into a real estate brokerage contract with the plaintiff. The contract was limited to 60 days and was the usual "Exclusive Sales Listing." Fifty-nine days after the expiration of the contract, the plaintiff produced a buyer who made an offer to purchase at a selling price substantially below the defendants' asking price. The defendants rejected the offer. Some seven months later, the same buyer made a considerably higher offer through another broker, and this offer was accepted. The second broker was paid a commission on the sale.

■■ The law in Illinois is well settled on this point. As long ago as 1890, the Illinois Supreme Court precisely enunciated the rule for when a broker may be paid a commission. In *Monroe v. Shaw* (1890), 131 Ill. 126, the supreme court stated:

"A real estate broker employed to make sale of land, who finds a purchaser at the price fixed by the owner, who is ready, able and willing to take a conveyance and pay the purchase price, has earned the compensation agreed to be paid him * * *." 131 Ill. 126, 136.

This principle has been followed in numerous appellate court decisions, including *Van C. Argiris Co. v. Caine Steel Co.* (1974), 20 Ill. App. 3d 315;

*Smart & Golee, Inc. v. Delany* (1965), 65 Ill. App. 2d 60; and *Cebulak v. Cwerenz* (1977), 46 Ill. App. 3d 376.

■■ The first broker never did produce a buyer at the price of the sellers, ready, able and willing to buy, as required by our supreme court in *Monroe v. Shaw*. Another broker was able to get a substantially better offer from the same buyer some months later and the sellers agreed to the higher price, which was closer to their original asking price. The first broker did nothing to improve the original offer after it was rejected, but this was done by the second broker and the commission rightfully belongs to the second broker.

For the reasons stated herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.